IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JABARI BARRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV-19-587-SLP |
| | ) |
| RICK WHITTEN, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Petitioner, appearing through counsel, filed this action pursuant to 28 U.S.C. § 2254, seeking writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to Magistrate Judge Amanda Maxfield Green, who issued a Report and Recommendation [Doc. No. 28]. In the Report and Recommendation, Judge Green recommends the Amended Petition be denied. The matter is currently before the Court on the timely Objection to the Report and Recommendation which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having undertaken such review, the Court finds as follows.

In light of the standard of review set forth in 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, the Court begins its analysis with the small portion of

---

[1] The appropriate respondent in a habeas action is the inmate's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and Federal Rules of Civil Procedure 25(d) and 81(a)(4), Rick Whitten, current warden at Petitioner's location of incarceration, is substituted as Respondent.

the Objection that actually addresses the Report and Recommendation. The Amended Petition raised five grounds for relief. Petitioner makes objection to the Report and Recommendation as to Grounds One and Four, wherein Petitioner argued the sufficiency of the evidence and ineffective assistance of counsel, respectively.

With regard to Ground One, Petitioner argues that the Oklahoma Court of Criminal Appeals unreasonably applied *Jackson v. Virginia*, 443 U.S. 307 (1979), in concluding that the evidence supported Petitioner's conviction on the lesser included offense of murder in the second degree. A state court decision is an "unreasonable application" of clearly established law when the state court "'identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)).

Although Petitioner originally argued the evidence presented to the jury did not establish two of the elements of murder in the second degree, in his Objection he argues:

> Petitioner was originally charged with first degree murder even though the elements of first-degree murder were absent which greatly affected the fairness of the proceedings in relation to the jury charge. The original charge of first-degree murder created a burden which shifted to the Petitioner a burden of persuasion on the intent element of the offense. *Sandstrom v. Montana*, 442 U.S. 510 (1979).

Obj. [Doc. No. 29], at 23.² The Court is unable to discern that Petitioner raised this issue

---

² *Sandstrom* involved an instructional error regarding conclusive presumptions. Petitioner does not identify any such instructional error in this case. *In re Winship*, 397 U.S. 358 (1970), also cited by Petitioner, held that the beyond a reasonable doubt standard applies to each element of the offense. The Oklahoma Court of Criminal Appeals did not hold otherwise.

in his briefing before the Magistrate Judge.  Furthermore, a petitioner may not raise new issues in his objection, and accordingly, the Report and Recommendation is adopted as to Ground One.  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived"); *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").  Finally, even if construed as an objection to Judge Green's conclusion that the Oklahoma Court of Criminal Appeals' application of *Jackson* was not unreasonable, Petitioner would not be entitled to relief for the reasons set forth in the Report and Recommendation.

In his Objection to the Magistrate Judge's analysis of Ground Four of the Petition, wherein Petitioner argued the ineffective assistance of counsel, the Objection again does not directly address the Report and Recommendation other than to quote therefrom.  Obj. [Doc. No. 29], at 24.  Rather than addressing Judge Green's analysis, Petitioner cites to an unexhausted claim omitted from the Amended Petition and he argues that he was denied fundamental fairness.  The failure to develop a cogent argument precludes the Court from reviewing this issue, which again appears to be an attempt to expand the scope of the Amended Petition to include claims he voluntarily dismissed as unexhausted.  This scheme provides no basis for rejecting or modifying the Report and Recommendation.

The Court turns to the bulk of Petitioner's Objection to the Report and Recommendation which raises a new ground for relief, arguing that the state court lacked jurisdiction over his criminal case.  The Court need not delve into the substance of his arguments, however, for a number of reasons.  First, Petitioner, represented by counsel,
3

raises the issue for the first time in his Objection to the Report and Recommendation. Petitioner did not seek leave to amend his Petition in his Objection or his reply in support of his Objection.³ Second, Petitioner did not exhaust this issue in state court and 28 U.S.C. § 2254(b)(1)(A) mandates that any claim presented to the Court must have first been presented to the Oklahoma Court of Criminal Appeals.⁴

> To exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 [ ] (1999). If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28

---

³ In the conclusion to the Objection "the Petitioner respectfully moves this Court to find in Petitioner's favor or if this Court finds it necessary to amend the Petition; this Court should remand it to the Magistrate for further consideration; after an amended Petition has been filed; amicus support will follow." Obj. [Doc. No. 29], at 26. In his reply brief Petitioner addresses the Respondent's notation that he did not seek leave to amend. His argument, however, is nearly impossible to construe:

> There is not any reason one must liberally construe Petitioner's argument for amendment purposes in an objection to a Report and Recommendation where there is a proper objection because the District Court can determine that an amendment would be required contrary to Respondent's claims.

Reply [Doc. No. 35], at 4. Thus, it appears to the Court that Petitioner is not seeking leave to amend and accordingly the Court declines to address the issue.

⁴ Petitioner cites to 28 U.S.C. § 2241 as a basis for remanding the matter to the Magistrate Judge and notes in his reply that he is invoking jurisdiction under this provision. "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence[.]" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted)). Here, Petitioner is challenging the jurisdiction of the state court, which is an attack on his conviction and sentence and therefore must be brought under § 2254. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (recognizing that § 2241 is not the proper vehicle to challenge state court jurisdiction over the petitioner for a crime allegedly committed in Indian country).

4

U.S.C. §§ 2254(b)(1)(B)(i), (ii).

*Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011). The exhaustion requirement contains no exception for jurisdictional claims. *See Draper v. Oklahoma*, No. CIV-19-376-D, 2019 WL 2453671, at *1 (W.D. Okla. June 12, 2019) (rejecting Petitioner's "position that a § 2254 petition raising a jurisdictional issue is exempt from the exhaustion requirement"); *see also Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) ("[The petitioner's] proffered reason for not exhausting—that the State . . . lacks jurisdiction over these claims—lacks merit."); *Morgan v. Bureau of Indian Affs.*, No. CIV-18-290-G, 2018 WL 5660301, at *3 (W.D. Okla. Oct. 31, 2018) (noting that § 2254's exhaustion requirement "does not contain an exception" for a jurisdictional *Murphy* claim).

Additionally, the Court rejects Petitioner's argument that the issue of subject matter jurisdiction is not subject to waiver and that it can be raised at any point in the proceedings. In *Morales v. Jones*, 417 F. App'x 746 (10th Cir. Mar. 28, 2011), the court addressed the timeliness of a jurisdictional claim by a state prisoner. In response to the district court's conclusion that he did not timely raise the challenge, the prisoner argued that the issue of subject matter jurisdiction can never be waived and therefore he could not be barred from raising the issue.

> This argument is without support in the law. In his state post-conviction proceedings, Morales claimed the trial court lacked jurisdiction over his crime and was denied relief. Insofar as the claim raises a violation of state law, it is not cognizable in a federal habeas action. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir.2000). Morales' claim is only cognizable in federal habeas to the extent that it raises a violation of the United States Constitution or federal law. *See* 28 U.S.C. § 2254(a). "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d

> 921, 924 (10th Cir.2008). Morales makes no argument to differentiate this case from any other due process violation. As with any other habeas claim, it is subject to dismissal for untimeliness. *See, e.g., United States v. Patrick*, 264 Fed.Appx. 693, 694–95 (10th Cir.2008) (unpublished) (affirming district court's dismissal of untimely habeas petition challenging convicting court's jurisdiction); *c.f., Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir.2000) (affirming dismissal of due process habeas claim as time barred under AEDPA).

*Id.* at 749 (footnote omitted). If such a claim is subject to dismissal as untimely, it cannot also be true that a petitioner may raise a claim challenging the state court's jurisdiction at any time. The Court finds that the same principle applies to the concept of waiver. In short, Petitioner has not established that his claim that the state court lacked jurisdiction is properly before the Court, having failed to include the unexhausted claim in his Amended Petition and having failed to raise the issue at any time prior to his Objection to the Report and Recommendation.[5]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 28] is ADOPTED and the Amended Petition [Doc. No. 14] is DENIED.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable

---

[5] To the extent Petitioner requested that the Court stay this action pending the outcome of *House v. Stitt et al.*, MA-119393 (*see* Reply [Doc. No. 35], at 10), that case has been terminated and accordingly the request is denied.

6

whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a COA.

      IT IS SO ORDERED this 28th day of June 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE